IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | |
|---|---|
| DAYLAN HURST, | ) |
|       Plaintiff, | ) |
| v. | ) Case No: |
| HAMRA ENTERPRISES, <br> Serve At: <br> 1855 S. Ingram Mill Rd. <br> Ste. 100 <br> Springfield, MO 65804, | ) <br> ) JURY TRIAL DEMANDED |
|       Defendant. | ) |

## PETITION FOR DAMAGES

COMES NOW Daylan Hurst ("Plaintiff") and states and alleges as follows for his Petition for Damages against the above named Defendant:

### INTRODUCTION

1. Plaintiff's claims of unlawful discrimination and/or harassment arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et. seq.* and/or based on Plaintiff's status as an individual who was perceived/regarded as disabled under the ADA.

2. Plaintiff seeks compensatory and punitive damages against Defendant.

### PARTIES

3. Plaintiff is now, and at all times relevant to the allegations herein was, a male citizen of the State of Missouri.

4. Defendant Hamra Enterprises. ("Hamra") is a Missouri corporation registered to do business and doing business in the State of Missouri, with its principal place of business or corporate headquarters located at 1855 S. Ingram Mill Rd., Ste. 100, Springfield, Missouri 65804.

5. At all times relevant to the allegations herein, the Defendant employees described herein acted within the course and scope of their employment and/or agency with Defendant Hamra.

6. Defendant Hamra is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence or unlawful conduct, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant Hamra.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Defendant because Plaintiff's first injury and the unlawful discriminatory acts complained of herein were committed in Kansas City, Missouri, which lies in Clay County, Missouri.

8. Venue is properly laid in this Court under R.S.Mo. § 508.010 as the events alleged in this Petition took place in whole, or in part, in Clay County and Defendant either resides and/or may be found in Clay County, Missouri.

## CONDITIONS PRECEDENT

9. On March 22, 2019, Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission. A true and correct copy of the Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

10. The Equal Employment Opportunity Commission issued Plaintiff a Right to Sue Notice dated March 28, 2019. A true and correct copy of the Right to Sue Notice is attached hereto as **Exhibit B** and incorporated herein by reference.

11. Plaintiff timely filed this Petition after fulfilling all conditions precedent.

## FACTUAL ALLEGATIONS

12. On or about February 9, 2019, Plaintiff began working for Defendant as a grill cook.

13. Plaintiff suffers from Tourette syndrome, which causes him to have verbal outbursts that he cannot control.

14. Defendant was aware of Plaintiff's condition when they hired him.

15. When Plaintiff was hired he was told he would be scheduled between 30 and 35 hours a week.

16. On or about February 16, 2019, Plaintiff's hours were reduced from 30 to 35 hours a week down to between 12 to 21 hours a week.

17. Upon information and belief, the reduction in hours was due to Plaintiff's Tourette Syndrome.

18. Several times in or around March 2019, two managers spoke to Plaintiff about lowering the volume of his Tourette-based outbursts.

19. Plaintiff explained to the managers that he had no control over the volume, timing or content of the outbursts.

20. Nevertheless, managers for the Defendant insisted Plaintiff "control his symptoms", which Plaintiff cannot do.

21. Plaintiff reported the request by managers to modify his Tourette Syndrome symptoms to Human Resources.

22. Upon information and belief, no corrective action was taken against the managers.

23. Instead, Human Resources reduced Plaintiff's hours and wanted to reassign Plaintiff to the maintenance position.

24. Plaintiff did not request to be moved to the maintenance position.

25. Plaintiff opposed getting reassigned to the maintenance position and opposed the reduction in hours.

26. Plaintiff was terminated on or about March 18, 2019.

27. At all times relevant herein, the above-described perpetrators, including but not limited to employees of Defendant, were all acting within the course and scope of their agency and employment with Defendant, or their actions were expressly authorized by Defendant making Defendant vicariously liable for their actions under all theories pled herein.

28. At all times relevant herein, Defendant ratified the actions of the above-described perpetrators, thus making Defendant vicariously liable for their actions.

### COUNT I
### American with Disabilities Act, 42 U.S.C. § 12112(a), *et seq.*
### (Discrimination)

29. Plaintiff hereby incorporates by reference every other allegation of this Petition as if fully set forth herein.

30. The Americans with Disabilities Act prohibits discrimination against a person who has or is perceived as having a physical impairment that substantially limits one or more major life activities, or who is regarded as having such an impairment, or who has a record of such an impairment, which with or without reasonable accommodation does not interfere with the individuals ability to perform the essential functions of the job in question.

31. Defendant discriminated against Plaintiff because Plaintiff is perceived as disabled and/or is actually disabled.

4

Electronically Filed - Clay - June 26, 2019 - 03:31 PM

32. The conduct and actions by the above described perpetrators were performed on the basis of Plaintiff's disability/perceived disability and constitute discrimination based on disability.

33. Defendant knew Plaintiff was actually disabled and/or perceived and regarded Plaintiff as having a physical impairment that substantially affects one or more of his major life activities.

34. Defendant discriminated against Plaintiff on the basis of his disability and/or perceived disability in ways including but not limited to: treating plaintiff with hostility and less favorability than similarly situated, non-disabled employees; reducing Plaintiff's hours, pressuring Plaintiff to take a less-desirable job position; and ultimately terminating Plaintiff's employment with Defendant.

35. The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability and/or perceived disability, and constituted disability discrimination that is prohibited by the Americans with Disabilities act, 42 U.S.C. § 12101 *et seq.*

36. Plaintiff suffered tangible adverse employment actions as a result of Defendant's conduct as referenced herein, including but not limited to Defendant's hostile treatment of Plaintiff based on his disability or perceived disability.

37. Defendant's conduct has caused Plaintiff emotional distress, including but not limited to sadness, degradation, humiliation, anger, and upset.

38. The conduct of Defendant, described herein, would have detrimentally affected a reasonable person in Plaintiff's position.

39. Defendant's unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

40. Defendant's treatment of Plaintiff was punitive in nature and was not based upon Plaintiff's status as a person who has or is regarded as having a physical impairment that substantially limits one or more major life activities.

41. Supervisory and management-level employees knew or should have known of the discrimination and harassment based on Plaintiff's disability and/or perceived disability,

42. Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

43. At all times mentioned herein, the above referenced perpetrators were employees, supervisors, managers, agents, servant, and employees of Defendant and were at all such times acting within the course and scope of their employment, and/or their actions were expressly authorized by Defendant, thus making Defendant liable for punitive damages under the doctrine of respondeat superior.

WHEREFORE Plaintiff prays for judgment in his favor and against Defendant on Count I of his Complaint for a finding that he has been subjected to unlawful discrimination as prohibited by the Americans with Disabilities Act; for an award of compensatory and punitive damages; pre-judgment and post-judgment interest as provided by law; for his costs expended herein; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

## COUNT II
### American with Disabilities Act, 42 U.S.C. § 12112(a), *et seq.*
### (Retaliation)

44. Plaintiff hereby incorporates by reference every other allegation of this Complaint as if fully set forth herein.

45. Plaintiff's complaints and reports of disability discrimination and harassment to Defendant's Human Resources Office, as well as his immediate supervisor, constituted protected activity.

46. As a result of Plaintiff's protected activities, Defendant subjected Plaintiff to adverse employment actions as alleged herein, including but not limited to: reducing Plaintiff's hours, pressuring him into a less-desired position, and terminating Plaintiff.

47. Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

48. At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

49. Defendant's unlawful conduct directly and proximately caused and will continue to cause Plaintiff ot suffer damages, including but not limited to lost wages and emotional distress.

50. Defendant's actions were outrageous and showed and evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE Plaintiff prays for judgment in his favor and against Defendant on Count II of his Complaint for a finding that he has been subjected to unlawful discrimination as

prohibited by the Americans with Disabilities Act; for an award of compensatory and punitive damages; pre judgment and post judgment interest as provided by law; for general and special damages; for his costs expended herein; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

HOLMAN SCHIAVONE, LLC

By: */s/ Kirk D. Holman*
Kirk D. Holman, MO Bar #50715
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
TEL: (816) 283-8738
FAX: (816) 283-8739
kholman@hslawllc.com

**ATTORNEYS FOR PLAINTIFF**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>563-2019-01338 |
|---|---|---|

Missouri Commission On Human Rights and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Daylan A Hurst  
**Home Phone**: [redacted]  
**Year of Birth**: [redacted]

**Street Address**: [redacted]  
**City, State and ZIP Code**: [redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: WENDYS/HAMRA  
**No. Employees, Members**:  
**Phone No.**:

**Street Address**: 4201 n corrington ave, **City, State and ZIP Code**: KANSAS CITY NORTH, MO 64117

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☒ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 02-09-2019  Latest: 03-18-2019
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

On or about February 9, 2019, I began working as a Grill Cook for Wendy's and my last day of employment was on or about March 18, 2019.

On or about February 16, 2019, my hours were reduced from the agreed amount of between thirty (30) hours and thirty-five (35) hours per week to twelve (12) and twenty-one (21) hours per week. I believe it was because of a disability, Tourettes, that my hours began to be reduced. Several times in or about March 2019, two (2) managers spoke to me about lowering my volume of the outbursts I have due to a disability. I explained that I could not control the volume or what I said in the outbursts. The two (2) managers spoke to me about the disability several times and kept asking me to control or change my outbursts, my symptoms, and asking me questions about my symptoms that I have no ability to control. I reported the managers to the Director of Human Resources, but no corrective action was taken. Instead, the HR Director reduced my hours of work and wanted to reassign me to the maintenance position indicating they were making a reasonable accommodation for me. I never requested a reasonable accommodation and was discharged on or about March 18, 2019 for refusing to accept the reassignment and reduction in hours.

I believe I was discriminated against because of a disability, a record of disability, and being regarded as disabled in violation of

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>*[signature]*<br>4-24-2019 | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>563-2019-01338 |
|---|---|---|
| Missouri Commission On Human Rights | | and EEOC |
| *State or local Agency, if any* | | |

the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Daylan A. Hurst

From: **Kansas City Area Office**
**Gateway Tower II**
**400 State Avenue, Suite 905**
**Kansas City, KS 66101**

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2019-01338 | Leah Sibert, Investigator | (913) 551-5655 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

For: Natascha Deguire,
Area Office Director

MAR 2 8 2019
*(Date Mailed)*

Enclosures(s)

cc:

Sonya Breuer
HAMRA ENTERPRISES
1855 S. Ingram Road
Springfield, MO 65804